**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GENESIS M. EFFINGER,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 10-cv-383-JPG** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 08-cr-30254** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner Genesis Effinger's motion for relief pursuant to 28 U.S.C. § 2255. Pursuant to a plea agreement, Effinger pleaded guilty to one count involving distribution of heroin. On August 13, 2009, Effinger was sentenced to 87 months imprisonment, four years supervised release, a fine of $200, and a special assessment of $100. No appeal was filed, and Effinger later filed the instant motion under § 2255.

Effinger entered into a plea agreement with the Government in an attempt to benefit herself. In exchange for the benefits she received, Effinger waived her right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives her right to contest any aspect of her conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend

>   the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more than severe than that recommended by the Government.  Defendant knowingly and voluntarily waives her right to seek a pardon, whether before or after her release from custody.

Plea agreement at ¶ III.2 (Doc. 75, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995).

In her motion, Effinger states that she was denied effective assistance of counsel at sentencing.  Specifically, she states that moments before her sentencing hearing, Counsel advised her that she would also plead guilty to "a level two gun enhancement."  She states that Counsel did not discuss this with her at all, and throughout the entire process Counsel's conduct was "reprehensible."  Implicit in her allegations is an argument that her guilty plea was not knowing and voluntary, that the waiver provisions of the plea agreement should not apply, and that she should be allowed to withdraw her guilty plea with respect to the weapons enhancement.

The Court **ORDERS** the Government to file a response to Effinger's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**Dated: August 10, 2010.**

                                              s/ J. Phil Gilbert
                                              U. S. District Judge