UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

GENESIS M. EFFINGER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 10-cv-383-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Petitioner Genesis Effinger's Motion for Extension of Time (Doc. 5). Specifically, Effinger seeks an extension of time in which to file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Effinger also seeks to proceed *in forma pauperis* so that she can obtain several documents in her criminal case file free of charge. *See United States v. Effinger*, Case No. 08-cr-30254-JPG (S.D. Ill. Dec. 2, 2008). All of these documents except one remain under seal with the Clerk of Court.

    Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413-14 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show the following: (1) that she has exhausted *all* other means of access to her files (*i.e.*, through her trial and appellate counsel); (2) that she is financially unable to secure access to her court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and, (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal

requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Here, while Effinger fulfills the first and third *Wilkinson* requirements, she offers no evidence that she is financially incapable of securing access to her court file.  Namely, she has not presented this Court with a certified copy of her prisoner trust account for the last six months.[1]  More importantly, Effinger recently obtained copies of the docket sheet, her plea agreement with the Government, and her sentencing hearing transcript; accordingly, the Court is satisfied that Effinger has all of the documentation she requires to file a meaningful habeas petition.

In addition, Effinger has not sufficiently argued why she should have access to sealed documents in her criminal case file.  The Court cannot and will not produce unredacted copies of these documents.  If such documentation has bearing on her habeas petitoin, the Court reminds Effinger that, in its response, the Government has been ordered to "attach all relevant portions of the record."  (Doc. 2, p. 2).

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Effinger's Motion for Extension of Time (Doc. 5).  Specifically, the Court **GRANTS** said motion insofar as it seeks an extension of time in which Effinger may file an amended habeas petition.  **Effinger shall have up to and including November 19, 2010, to file said petition**.  The Court also **GRANTS** said motion insofar as Effinger seeks Document 145 of her criminal case.  The Court **DIRECTS** the Clerk of Court to mail a copy of said document to Genesis Effinger, Reg. No. 40945-424, FMC Lexington, Federal Medical Center, P.O. Box 14500, Lexington, Kentucky 40512.  Meanwhile, the Court **DENIES** the instant motion insofar as Effinger seeks Documents

---

[1]This effectively precludes Effinger from proceeding *in forma pauperis*.

91, 94, 99, 104, 114, and 115 of the criminal docket.  The Court also **DENIES** said motion

insofar as Effinger requests to proceed *in forma pauperis* henceforth.

**IT IS SO ORDERED**
**DATED: October 15, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**
