IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GENESIS M. EFFINGER,

Petitioner,

v.

Case No. 3:10-CV-383-JPG

UNITED STATES OF AMERICA,

Respondent.

MEMORANDUM & ORDER

This matter comes before the Court on Petitioner Genesis Effinger's Motion for Extension of Time to File Reply and Motion for Order to Seal Filing (Doc. 20) and her Motion to Compel Production of Documents and Place Pleading under Seal (Doc. 21). For the foregoing reasons, the Court grants the extension of time and orders exhibits 1-4 to be re-filed under seal (Doc. 20). The Court further denies the motion to compel the production of documents (Doc. 21).

1.) Extension of Time

Effinger has filed an amended 18 U.S.C. § 2255 petition with this Court (Doc. 7) which the government responded to on August 5, 2011 (Doc. 12). Effinger then sought additional time to file her reply brief which the Court granted (Doc. 19). She again seeks an extension of time to file her reply brief (Doc. 20) which has in fact now been filed (Doc. 22). As there is no prejudice to the respondent United States of America, the Court grants the extension of time for filing and accepts the reply brief filed on November 17, 2011, as Effinger's reply (Doc. 22).

1

2.) Filing under Seal

Effinger also seeks to file her brief and attached exhibits under seal (Docs. 20, 21). Judicial proceedings leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996); *cf. Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). There is a common law right of access to documents filed in litigation. *Methodist Hosps.*, 91 F.3d at 1031; *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978). "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh*, 24 F.3d at 897; *see generally Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980).

There are exceptions, however, to the general rule of access to court documents. For example, a court may seal records to ensure that the records are not "'used to gratify private spite or promote public scandal'" through the publication of "'the painful and sometimes disgusting details of a divorce case.'" *Nixon*, 435 U.S. at 598 (quoting *In re Caswell*, 29 A. 259 (R.I. 1893)). Courts have also sealed records or portions of them to prevent court files from "serv[ing] as reservoirs of libelous statements for press consumption" or to protect "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (citations omitted).

Generally, "the public's right to inspect judicial documents may not be evaded by the wholesale sealing of court papers. Instead, the district court must be sensitive to the rights of the public in determining whether any particular document, or class of documents, is appropriately filed under seal." *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989). Requests to seal

an entire proceeding requires extreme justification. *Pepsico Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995). The Court must be "firmly convinced that disclosure is inappropriate before arriving at a decision limiting access." *Grove Fresh*, 24 F.3d at 897. Doubts must be resolved in favor of disclosure. *Grove Fresh*, 24 F.3d at 897; *In re Continental Sec. Lit.*, 732 F.2d at 1313.

The Court seeks to balance the public's right to inspect judicial documents with Effinger's right to keep certain personal facts from disclosure, including her Presentence Investigation Report. After reading Effinger's reply brief and the accompanying exhibits, the Court will file Exhibits 1-4 under seal which include personal affidavits by Effinger and her mother, substantial excerpts of the Presentence Investigation Report, and personal emails. The remaining exhibits do not need to be filed under seal.

3. Motion to Compel Production of Documents

The Court previously addressed identical requests in Effinger's previous motions (Docs. 15, 18) for production of documents (Order at Doc. 19). As previously stated, the Court does not find it necessary to receive documentary support from the police department. If the Court finds evidentiary support is required when ruling on Effinger's § 2255 motion (Doc. 7), it will reconsider the motion.

## **CONCLUSION**

The Court hereby **GRANTS** Effinger's Motion for Extension of Time to File Response and Motion to Seal Filing and Exhibits (Doc. 20) and accepts the reply brief Effinger filed (Doc. 22). The Court **GRANTS in part** and **DENIES in part** Effinger's Motion to Compel the Production of Documents and Place Pleading under Seal (Doc. 21) and **DIRECTS** the Clerk of the Court to seal exhibits 1-4 of Effinger's reply brief (Doc. 22).

**IT IS SO ORDERED.**
**DATED: November 18, 2011**

                                                                                              s./ J. Phil Gilbert
                                                                                              **J. PHIL GILBERT**
                                                                                              **DISTRICT JUDGE**